UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUNDELL DAVID GORDY,

      Plaintiff,

      v.                                 CAUSE NO. 3:26cv827 DRL-SJF

JANE DOE,

      Defendant.

## OPINION AND ORDER

Shaundell David Gordy, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Gordy alleges an unknown nurse at the Miami Correctional Facility gave him the wrong medication at the wrong dose on April 17, 2026, which caused a psychotic break including hallucinations and "other phychotic (sic) type behaviors." ECF 1 at 2. He has sued Nurse Jane Doe for monetary damages and injunctive relief in the form of a court order to "stop letting situation like that to be stopped and give us a right to stand up for our belfis and to not let that happen again to anybody else." *Id.* at 4 (verbatim).

Inmates are entitled to constitutionally adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). It is not enough that a medical professional be mistaken in his or her judgment—the deliberate indifference standard requires a something "akin to criminal recklessness," *Thomas*, 2 F.4th at 722, rather than "negligence, gross negligence, or even recklessness." *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Here, in addition to being impermissibly vague, *see Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010), Mr. Gordy's allegations sound in negligence rather than deliberate indifference. These allegations don't state a constitutional claim. *See Hildreth*, 960 at 425–26.

This complaint doesn't state a claim for which relief can be granted. If Mr. Gordy believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases

2

is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Shaundell David Gordy until **July 20, 2026**, to file an amended complaint; and

(2) CAUTIONS Shaundell David Gordy if he does not do so by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 18, 2026                             *s/ Damon R. Leichty*
                                         Judge, United States District Court

3